IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-1633-05






ERNEST M. GUTIERREZ, Appellant



v.



THE STATE OF TEXAS






ON DISCRETIONARY REVIEW OF CASE 13-04-00186-CR


OF THE THIRTEENTH COURT OF APPEALS


NUECES COUNTY






 Womack, J., filed a dissenting opinion.



 The Court's actions in this case are difficult to understand.

 Its opinion says, "Because we reject the court of appeals's reliance upon exigent
circumstances, we must next address the issue of consent." Ante, at 13. The Court's understanding of the law differs from mine. While it is true that an appellate court that rejects one basis for
admissibility of evidence must consider any other basis for admissibility, it is not true that we
must address it.

 To the contrary, I believe, it is clear that the Court of Appeals must address it. We sit as a
court of review. The Court of Appeals did not consider the issue of consent, so there is no basis
for us to review that issue. We should remand the case to the Court of Appeals for it to consider
the issue of consent. This would be in accordance with the structure of our judicial branch, and it
would respect the authority of the court below.

 It would, of course, take more time. But if we were concerned primarily with the quick
disposition of this case, we should never have granted review, since the Court of Appeals'
unpublished opinion had no precedential authority for other cases, and its judgment for this case
was correct. This presents the only other correct course of action: dismissal of the petition as
improvidently granted.

 I respectfully dissent from the Court's choice to do neither of the two things it could
properly do.


Filed April 25, 2007.

Publish.